IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TEDDY EDWARDS                                                                                          PLAINTIFF

v.                                          Civil No. 2:19-CV-02015

SHERIFF JIMMY STEVENS,                                                                          DEFENDANTS
LISA HADDELSTOR, and
JOHNSON COUNTY REGIONAL
MEDICAL CENTER

## OPINION AND ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff Teddy Edwards ("Edwards") filed a Complaint under 42 U.S.C § 1983 on January 25, 2019. (ECF No. 1). The Complaint listed the following Defendants: Sheriff Jimmy Stevens, Lisa Haddelstor, and Johnson County Regional Medical Center. (*Id.*). Edwards alleges one claim: denial of medical care. (*Id.*). He also mentions the denial of a grievance process, and the Court will construe this as an additional claim. (*Id.*). He supports his denial of medical care claim by stating that his severe injuries from an auto accident required the attention of a medical doctor, as opposed to an allegedly unqualified nurse that was on staff. (*Id.*). He is suing Separate Defendants Stevens and Haddelstor in both their official and personal capacities. (*Id.*). For his official capacity claim, he states the following policy or custom violated his rights: "By not providing me with my grievances to document my plea for medical treatment and the form that shows the monies on my books to pay for this motion, it unduly prejudices my plea." (*Id.*).

1

Edwards requests relief in the form of compensatory and punitive damages, stating his ability to work was diminished by the lack of medical care. (*Id*.). He is requesting $700,000.00, calculated from his average earnings of $35,000.00 per year across 20 years. (*Id*.).

## II. LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a Complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

### A. Johnson County Regional Medical Center

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must

2

be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Plaintiff's claims against Johnson County Regional Medical Center are subject to dismissal. In *Montano v. Hedgepeth*, 120 F.3d 844 (8th Cir. 1997), the Eighth Circuit set forth the analysis to be applied in determining whether state action exists for purposes of § 1983. Specifically, the Court said:

> In ascertaining the presence of state action, we must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2753, 73 L. Ed. 2d 482 (1982). Resolving this question entails a journey down a particularly fact-bound path, *see id*. at 939, 102 S. Ct. at 2754-55, but the Supreme Court has identified two legal touchstones to provide guidance along the way. To begin with, there can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id*. at 937, 102 S. Ct. at 2753. Furthermore, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id*.; *see also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir.1987) (repeating two-part test).

*Montano*, 120 F.3d at 848.

In this instance, Edwards is suing the medical center itself rather than individual members of the staff. He alleges that he sustained "severe injuries" due to an auto accident, yet he does not describe what those injuries were. He states that the medical staff "here" consisted of a nurse that was not qualified to treat or diagnose his injuries, and he thus needed a medical doctor. Edwards claims that he was in jail and still awaiting trial on pending charges when the incident occurred. It is unclear from his allegations if the nurse was employed by the Johnson County Regional Medical Center or the Johnson County Detention Center. As Edwards does not state any relation

between the Johnson County Regional Medical Center and the Sheriff's office, it is unclear what its role was in his claim. Further, he does not allege that the Johnson County Regional Medical Center operated under color of state law. He does not provide any factual allegation pointing toward that conclusion. "[P]rivate conduct, no matter how egregious, discriminatory, or harmful, is beyond the reach of § 1983." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007).

Even assuming for purposes of analysis that the nurse was employed by the Johnson County Regional Medical Center, and the Medical Center was a state actor, "[a] corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Plaintiff does not mention, however, how anyone's actions relate to an unconstitutional policy or custom. Edwards did not even need to state explicitly the existence of an unconstitutional policy, he merely needed to provide language that could lead to an inference of such. *Id*. at 591. Even if this were assumed to be some form of negligence on the part of an entity operating under color of state law, this claim could still not prevail. *See Daniels*, 474 U.S. at 328. Edwards has failed to state sufficient facts to support his claim against the Johnson County Regional Medical Center.

### B. Official Capacity Claims

Plaintiff has failed to sufficiently allege any official capacity violation by Defendants. Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that

a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Here, Edward's allegations focus entirely on the conduct of unnamed members of an unidentified medical staff. He never mentions, nor alludes to, any policy or custom of the Johnson County Sheriff's Office that allegedly violated his rights. His factual allegations are insufficient to support his official capacity claim against the Defendants.

**C. Denial of Medical Care**

Plaintiff also fails to allege a plausible denial of medical care claim against the Defendants. The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious

5

that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (citation omitted). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id*.

It is well settled that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal citation omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id*. (internal citations omitted). Despite this, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment, and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990). The objective seriousness of any delay in treatment must be measured by reference to the effect of delay, which must be shown by verifying medical evidence in the record. *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005).

Here, Plaintiff alleges that he sustained "severe injuries" as the result of an auto accident. He then claims that the medical staff consisted of a nurse who was not qualified to treat or diagnose his injuries. Regarding the first prong one of the deliberate indifference analysis, Edwards presents some allegation that there was an objective need for medical care, i.e., his "severe injuries," but he fails to provide sufficient factual detail of the nature of these injuries to support a conclusion that

he suffered from an objectively serious medical condition. He does not allege that he had been diagnosed by a physician as requiring treatment, nor does he allege that his injuries were so obvious that even a lay person would recognize the necessity for medical treatment. Instead, he merely alleges that the nurse was not qualified to diagnose his (unspecified) injuries. This is insufficient to support the first prong of the deliberate indifference analysis.

Regarding the subjective component, Edwards does not allege that Defendants disregarded his injuries and "suffering." He does not claim that he was ignored by the Defendants, nor does he allege delayed care. His allegations show that the officials did seek out medical care for him. Edward's allegations center completely on the quality of the nurse and his personal belief that a medical doctor would be better suited to diagnose and treat him. This claim, at best, can only be characterized as a mere difference in opinion over his medical treatment.

Further, there is no showing of how his prognosis was negatively affected. Plaintiff does not state how the alleged lack of care resulted in his inability work for the next 20 years in his occupation (which is also not described). Even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin*, 780 F.2d at 1337. Edwards has not done so, and his personal capacity claim against the Defendants is subject to dismissal.

**D. Failure to Provide Grievance Process**

"Inmates do not have a constitutionally protected right to a grievance procedure. Because a ... grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the ... grievance procedure is not actionable under § 1983." *Ashann–Ra v. Commonwealth of Virginia,* 112 F.Supp.2d 559, 569 (W.D. Va. 2000) (citations omitted); *see also Lombolt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (denial of grievances does not state a substantive constitutional claim); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) ("no constitutional right was violated by the defendants' failure, if any, to process all of the

7

grievances [Plaintiff] submitted for consideration"); *Adams v. Rice,* 40 F.3d 72, 74 (4th Cir. 1994) (inmates have no constitutional right to grievance procedure); *Blagman v. White,* 112 F. Supp.2d 534 (E.D.Va. 2000) (inmate has no constitutional entitlement to grievance procedure), *aff'd,* 3 F. App'x 23 (4th Cir. 2001).

"Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Blagman,* 112 F.Supp.2d at 542 (citing *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991)). A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." *Id.* (citation omitted). "[A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005).

Here, petitioner states that "by not providing me with my grievances to document my plea for medical treatment and the form that shows the monies on my books to pay for this motion, it unduly prejudices my plea." Plaintiff has no constitutional right to a grievance process while an inmate at the Johnson County Detention Center. Accordingly, he presents no viable claim regarding the alleged failure to provide or comply with a grievance process.

## IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). The Clerk is directed to place a § 1915(g) strike flag on the case.

IT IS SO ORDERED this 27th day of March 2019.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE